# EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN RED CROSS, a Washington D.C. Corporation; Additional
Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VANNA TRUONG, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
21STCV19330

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew P. Blair, 515 South Flower Street, 19th Floor, Los Angeles, CA 90071, (213) 568-4000

Sherri R. Carter Executive Officer / Clerk of Court

DATE: May 21, 2021
*(Fecha)* 05/21/2021

Clerk, by N. Alvarez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Exhibit A - 3

## ADDENDUM A

**NOTICE TO DEFENDANT:**

AMERICAN RED CROSS, a Washington D.C. Corporation; AMERICAN RED CROSS OF CALIFORNIA, a California Corporation, and DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**

VANNA TRUONG, an individual.

Electronically FILED by Superior Court of California, County of Los Angeles on 05/21/2021 03:46 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:21-cv-05789-GW-GJS   Document 1-2   Filed 07/16/21   Page 4 of 60   Page ID #:12

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Timothy Dillon

Oscar Ramirez (State Bar No. 236768)
Matthew P. Blair (State Bar No. 278411)
**BLAIR & RAMIREZ LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Tel.: 213.568.4000 • Fax:  213.568.4100

Attorneys for Plaintiff Vanna Truong

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| VANNA TRUONG, an individual,<br><br>                          Plaintiff,<br><br>             vs.<br><br>AMERICAN RED CROSS, a Washington D.C.<br>Corporation; AMERICAN RED CROSS OF<br>CALIFORNIA, a California Corporation, and<br>DOES 1 through 20, inclusive.<br><br>                          Defendants. | **COMPLAINT**  21STCV19330<br><br>**(1)  Disability Discrimination in Violation of the FEHA (Cal. Gov. Code § 12940 *et seq.*);**<br><br>**(2)  Failure to Engage in an Interactive Process, in Violation of the FEHA (Cal. Gov. Code § 12940(n));**<br><br>**(3)  Failure to Provide Reasonable Accommodations (Cal. Gov. Code § 12940(m)(1);**<br><br>**(4)  Retaliation for Requesting Reasonable Accommodation (Cal. Gov. Code § 12940(m)(2);**<br><br>**(5)  Wrongful Termination in Violation of Public Policy;**<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED CIVIL CASE** |

        Plaintiff Vanna Truong ("Ms. Truong") hereby brings this Complaint against the AMERICAN

RED CROSS and the AMERICAN RED CROSS OF CALIFORNIA (hereinafter "The Red Cross");

and DOES 1 through 20, inclusive, and on information and belief alleges as follows:

*///*

Exhibit A - 5

## JURISDICTION AND VENUE

1.      Plaintiff hereby brings this complaint for compensatory, special, general, and punitive damages under California's Fair Employment and Housing Act (FEHA) for disability discrimination, failure to accommodate Plaintiff's disability, failure to engage in an interactive process, and failure to prevent discrimination.  Plaintiff also brings a claim based on wrongful termination in violation of public policy.  This Court has jurisdiction over defendants' violations because their actions against plaintiff occurred in the State of California.

2.      Venue is proper under Code of Civil Procedure §§ 395(a) and 395.5 because defendants do business in Los Angeles County and the acts alleged herein took place within Los Angeles County. Further, plaintiff does now, and at all times relevant herein did, reside in Los Angeles County and was employed by defendants within Los Angeles County.

## PARTIES

3.      Plaintiff, Ms. Vanna Truong, is an individual over the age of eighteen (18).  At all relevant times, Ms. Truong has been a resident of the State of California, specifically in the County of Los Angeles.  Ms. Truong was employed at the American Red Cross of California for nearly 30 years. An exemplary employee, Ms. Truong was summarily terminated on November 27, 2019, without being offered a reasonable accommodation in light of her physical disability.

4.      Defendant Red Cross is a Washington-D.C.-based Non-Profit Organization with its principal place of business located in Washington, D.C.

5.      Defendant Red Cross of California is a California-based Non-Profit Organization, with its principal place of business located in California.

6.      All Defendants, hereinafter referred collectively as "the Red Cross," employed or acted in the interest of an employer toward Plaintiff and directly, jointly, and severally controlled and directed the terms of employment and compensation of Plaintiff.  Therefore, they constitute Plaintiff's joint employer.

///

2
COMPLAINT

7.      Plaintiff does not know the true name(s) or identity(ies) of the Defendants named herein as DOES 1 through 20, inclusive, and each of them, and therefore, under the provisions of California Code of Civil Procedure § 474, sues such Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges that each of the Defendants designated herein as a DOE is involved in, entitled to, or in some manner responsible as the principle, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary or otherwise, for the transactions, events and/or acts herein described, and thereby proximately caused injuries and damages to Plaintiff as herein alleged. Further, Plaintiff is informed, and believes, and thereon alleges that these fictitiously named Defendants, and each of them, are responsible in some way for the actions hereinafter alleged, and legally caused injury to and damages sustained by Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to add the true names of these Defendants when the same have been ascertained.

8.      Plaintiff is informed, believes, and thereupon alleges that at all times mentioned herein, each Defendant was the agent, servant, and employee of the other Defendants, and each of them, and in committing the acts and omissions herein mentioned was acting within the course and scope of said agency, servitude, and employment.  At all times mentioned herein, each Defendant was chargeable and bound by the knowledge and information received by and on behalf of each other Defendant.

9.      Plaintiff is informed, believes, and thereupon alleges that all of the acts of the Defendants, and each of them, were ratified and adopted by the acts of their co-Defendants and each of them. All defendants are jointly liable for the unlawful conduct directed at Plaintiff.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

*A. Introduction*

10.     Ms. Truong began her employment with the American Red Cross of California in 1992.

11.     Ms. Truong was a licensed vocational nurse while at the Red Cross.  Her duties included, but were not limited to, collecting blood and plasma from donors and ancillary activities, conducting donor screening, interviews, and recordkeeping.

12.     Throughout her years at the Red Cross, Ms. Truong received numerous commendations and positive performance reviews.  In 2018, the year that she became disabled after a work injury, the Red Cross rated her performance as "achieving expectations" and noted that she was a "reliable and steady employee of the American Red Cross."  The 2018 performance review stated that she was "always pleasant to work with and represent[ed] the American Red Cross well."

13.     Indeed, Ms. Truong was an exemplary employee, and many other employees at the Red Cross enjoyed working with her.

**B.  Ms. Truong's Injury and Subsequent Disability**

14.     On March 19, 2018, Ms. Truong was injured while she was moving boxes to a storage area.  While stacking one of the boxes onto a dolly, she experienced sudden pain in her lower back, radiating down her left leg and resulting in tingling and numbness.

15.     Ms. Truong reported her injury to the Red Cross that same day.  She thereafter filed for workers' compensation and went on leave for 1 or 2 weeks to recover.

16.     Upon returning from leave, Ms. Truong returned to work with light duty restrictions of no more than 10 pounds.

17.     Given that her ability to work was limited, Ms. Truong was disabled.

18.     Notwithstanding her disability, Ms. Truong was able to perform the essential functions of her job with light duty restrictions.

19.     On May 9, 2018, Ms. Truong suffered another injury at work while reaching for an object.  Notwithstanding her second injury, after additional medical attention and medication, Ms. Truong was able to continue working with continued light-duty restrictions.

20.     On August 24, 2018, Ms. Truong was informed by Red Cross HR that she had "exhausted [her] modified duty days," and that because the Red Cross was "legally only allowed to keep [her] in that status for a certain amount of time" it would force her to take leave.

Exhibit A - 8

21.     The Red Cross's policy for having only a certain amount of "modified duty days" fails to account for individuals who have unique disabilities.  Therefore, the policy of offering a definite amount of "modified duty days" to its disabled employees constitutes disparate impact discrimination.

22.     Furthermore, the Red Cross is not legally prohibited from keeping Ms. Truong on modified duty for a longer period, as it is required to provide reasonable accommodation to individuals that accounts for the unique factors of their disabilities.

23.     There was no legitimate reason that the Red Cross could not continue allowing Ms. Truong to continue working with light duty restrictions or any other form of accommodation after August 24, 2018.

24.     The Red Cross informed Ms. Truong that, in lieu of keeping her on modified light duty, it was placing her on leave, starting August 24, 2018.

25.     In assessing that Ms. Truong had "exhausted" her modified duty days, the Red Cross failed to engage in an interactive process to determine whether Ms. Truong could continue working under a modified duty arrangement even after the "exhaustion" of modified duty days.

C.     ***Ms. Truong's Road to Recovery to Perform Restriction-Free Work as Red-Cross Demanded***

26.     As it became clear that the Red Cross was demanding Ms. Truong to fully recover from her injury (i.e. her disability), Ms. Truong spent her time on leave trying to fully recover.  However, despite her best efforts to recover sufficiently to perform the restriction-free work that the Red Cross demanded, Ms. Truong faced roadblocks placed by the Red Cross and its worker's compensation claims administrator when it came to obtaining approval for required medical care.

27.     After going on leave, Ms. Truong's pain management specialist prescribed her Nabumetone, a nonsteroidal anti-inflammatory drug that would have reduced Ms. Truong's pain and allowed her to return to work without restrictions.  The Red Cross and its claims administrator refused to pay for this medication, even though it would have allowed Ms. Truong to return restriction-free.

28.     Next, Ms. Truong's doctor, Dr. Yaghoobian, recommended that she undergo spinal surgery and related procedures to reduce her pain.  This procedure, too, was also denied in May 2019.

29.     The denial of care by the Red Cross and its claims administrator slowed Ms. Truong's recovery by many months and forced her to needlessly endure pain for months.

30.     Notwithstanding the delay in approving care that would have enabled Ms. Truong to return to the Red Cross without light duty restrictions, Ms. Truong was able to schedule a spinal surgery for January 17, 2020.  The spinal surgery, if successful, would have enabled Ms. Truong to return to work without any form of accommodation.

31.     The Red Cross became aware that Ms. Truong had a spinal surgery scheduled for January 17, 2020.  The Red Cross was also aware of the delays it and its workers' compensation claims administrator had caused that had prevented Ms. Truong from obtaining this surgery earlier.

32.     The Red Cross's delays in approving care caused Ms. Truong to start running out of union leave benefits.  The Red Cross was aware that Ms. Truong's union leave benefits expired on November 24, 2019.  Despite this, the Red Cross delayed its approval of care that would have enabled Ms. Truong to return to work restriction-free.

33.     On October 7, 2019, the Red Cross sent Ms. Truong a letter, and enclosed medical questionnaires to be completed by Ms. Truong's doctors regarding her duty restrictions and necessary accommodations. As of the date of the letter, the Red Cross was aware that Ms. Truong was scheduled for spinal surgery on January 17, 2020, which would have enabled Ms. Truong to return to work without any form of accommodation.

34.     In response to the questionnaire, Dr. Yaghoobian, Ms. Truong's cervical spine surgeon, stated that given Ms. Truong's condition, she would be required to be off work entirely, but that her condition was temporary because her spinal surgery in January 2020 could serve as an opportunity to reassess her during her recovery.  Dr. Yaghoobian stated that he could make a reassessment in 6 weeks. At no point did Dr. Yaghoobian state that Ms. Truong's leave was indefinite.   Nor did he ever state that her need for continued leave was unknown.

Exhibit A - 10

35.     The other questionnaire was answered by Dr. Bishop, Ms. Truong's pain management specialist.  Dr. Bishop noted that Ms. Truong's condition was permanent and stationary, and indicated a lifting restriction of 10 pounds.  The lifting restriction was similar to the light duty restrictions that the Red Cross had placed on Ms. Truong prior to her being placed on leave.  However, Dr. Bishop's assessment was based solely on the conservative treatment administered to Ms. Truong and did not consider the possible and likely change in her condition after her January 2020 surgery.   Indeed, in his response to the questionnaire form, Dr. Bishop noted that his assessment was of February 20, 2019 (several months prior to the completion of the questionnaire).

36.     Given the answers provided by Ms. Truong's doctors, it was clear that any assessment that characterized Ms. Truong's disability as permanent was outdated and that reassessment of her disability was possible in a short 6 weeks after the questionnaires were completed, after Ms. Truong's surgery.  The responses provided by Ms. Truong's doctors, pointed to an obvious extension of her leave past the expiration of her union leave benefits.

37.      On November 12, 2019, the Red Cross sent Ms. Truong a letter stating that her essential functions of her position could not be performed with a 10-pound light duty restriction.  It was not explained why the light duty restriction that she received prior to going on leave could not be offered again.   It was also not explained why she could not be given a short extension on her leave until her surgery in January 2020.

38.     The November 12, 2019 letter claimed that the Red Cross had asked Ms. Truong's suggestions for accommodations, but that she did not have any suggestions.  However, at no point did the Red Cross make any suggestions itself, as it was legally required to do.  In effect, the Red Cross unlawfully shifted its burden of coming up with accommodations to Ms. Truong.

39.     Seeking to save face, the Red Cross informed Ms. Truong that it would give her "the opportunity" to apply for positions within the organization that would accommodate her 10-pound light duty restrictions.  However, no positions were identified by the Red Cross that could accommodate her 10-pound light duty restriction.   The Red Cross, again, left it up to Ms. Truong to seek out these

Exhibit A - 11

positions by herself, while she was on leave.  Given that Ms. Truong would have to seek out these positions, it became immediately clear that the job postings did not announce whether they could accommodate a 10-pound light duty restriction.  Despite the Red Cross being in the best position to identify those positions, the Red Cross failed to provide it to Ms. Truong.

40.     The Red Cross, essentially, breached its legal duty to identify the positions that could accommodate Ms. Truong's lifting restriction.

41.     The letter stated that Ms. Truong needed to identify an alternative position or suggest potential accommodations by December 3, 2019, or else she would be fired.  This left Ms. Truong only three weeks to perform a job search by herself.

42.     But, alas, the Red Cross would not even give Ms. Truong until December 3, 2019 to find a new position.  On November 27, 2019, the Red Cross terminated Ms. Truong's employment.  In the termination letter, the Red Cross informed Ms. Truong that "because you are unable to perform the essential functions of your role and your need for continued leave of absence is unknown, we will separate employment effective November 27, 2019."  Ms. Truong's termination coincided with the expiration of her union leave benefits on November 24, 2019.  In effect, the Red Cross refused to consider accommodations (such as extended leave or alternative positions) for Ms. Truong's disabilities past the expiration of her union leave benefits.

43.     The letter's assertion that her need for continued leave of absence was unknown was also false, since Dr.  Yaghoobian had clearly stated in the questionnaire he prepared for the Red Cross that her disability was temporary.

44.     Despite the fact that Ms. Truong's condition and need for leave was specifically described as temporary by her orthopedist, it is evidence from the timing of the decision that the Red Cross gave no consideration to further temporary leave as a reasonable accommodation.

45.     The termination of her employment was a devastating blow for Ms. Truong.  She had dedicated much of her professional career to the organization and because of circumstances out of her control—namely her disability and the Red Cross's refusal to accommodate her disability—she was cut

Exhibit A - 12

off from the organization. Ms. Truong has suffered emotional distress as a result of the Red Cross's unlawful conduct.

### D.  Ms. Truong Has Exhausted her Administrative Remedies

46.     Ms. Truong has filed a complaint regarding this matter with the DFEH on August 19, 2020.  She received a right-to-sue letter from the DFEH that same day.  As a result, Ms. Truong has complied administratively exhausted her remedies and, hereby, files the instant case with this court.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

## (Cal. Gov. Code § 12940, et. seq)

47.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

48.     At all relevant times herein, the FEHA was in full force and effect and binding upon Defendants, which, upon information and belief, regularly employed more than five (5) individuals at any given time.  The FEHA makes it unlawful for an employer to discriminate because of an employee's medical condition.  Cal. Gov. Code § 12940, et. seq.

49.     The FEHA prohibits discrimination in the workplace on the basis of that person's disability.  Cal. Gov. Code § 12940(a).

50.     In this case, Ms. Truong was disabled, as per Cal. Gov. Code § 12940.  Ms. Truong was injured at work, causing her to experience pain if she performed certain tasks.  Her disability required accommodations, including lifting restrictions and leave of absence.  The pain associated with her injury limited her major life activities, including her ability to work.

51.     Ms. Truong was nonetheless performing competently in her position.  She had no performance issues for the year of 2018 (the year she was injured and performed work under light duty restrictions).  Her excellent performance while performing light duty restrictions from April 2018 to August 24, 2018 is indicative that the Red Cross could have allowed Ms. Truong the ability to return to her job with lifting restrictions in place.

Exhibit A - 13

52.     However, the Red Cross did not allow Ms. Truong to return with restrictions in place. Because the Red Cross required Ms. Truong to return to her position without restrictions, it discriminated against Ms. Truong because of her disability.

53.     Ms. Truong suffered adverse employment actions.   She was denied continuing employment at the Red Cross because of her disability (i.e. her inability to work without accommodations).

54.     The Red Cross has not proffered, and cannot credibly, proffer any legitimate, non-discriminatory basis for failing to retain Ms. Truong.

55.     As a direct and proximate result of Defendants' acts and failures to act, as alleged herein, Ms. Truong has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

56.     Defendants' unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

57.     The conduct of the Defendants, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Ms. Truong's rights, and for the deleterious consequences to Ms. Truong of Defendants' actions.   Defendants, and its agents and employees, authorized, condoned, and ratified the unlawful conduct of each other.   Consequently, Ms. Truong is entitled to punitive damages against Defendants.

## SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTICE PROCESS IN VIOLATION OF THE FEHA

### (CAL. GOV. CODE § 12940(n))

58.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as though fully set forth herein.

59.     The FEHA states that it is unlawful for an employer covered by the FEHA to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective

Exhibit A - 14

reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee. Cal. Gov. Code § 12940(n).

60.     As mentioned above, Ms. Truong had a disability covered by the FEHA.

61.     The Red Cross was aware of Ms. Truong's disability. This knowledge required the Red Cross to engage in the interactive process.

62.     Ms. Truong was amenable to participating in the interactive process. Indeed, she initiated the process when she provided the Red Cross notice of her disability.

63.     The Red Cross failed to participate in a good faith interactive process to determine whether reasonable accommodations could be made. The Red Cross failed to identify and offer Ms. Truong alternative positions that could accommodate her lifting restrictions. Furthermore, the Red Cross failed to extend her leave until January 2020, the month she was scheduled for surgery.

64.     The Red Cross's failure to participate in a good faith interactive process is further highlighted by the Red Cross's decision to shift its burden to engage in the process by having Ms. Truong identify the positions and the accommodations she required to continue working at the Red Cross. The Red Cross is a large organization, and ultimately, it has in its disposal institutional knowledge regarding possible suggestions for accommodating Ms. Truong's disabilities. Instead of identifying out these accommodations and suggesting them to Ms. Truong, the Red Cross simply shrugged off its responsibility and left Ms. Truong to figure it out by herself.

65.     Defendants' unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

66.     As a direct and proximate result of Defendants' acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

67.     The conduct of the Defendants, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendants' actions. Defendants, and its agents and

Exhibit A - 15

employees, authorized, condoned, and ratified the unlawful conduct of each other. Consequently, Plaintiff is entitled to punitive damages against Defendants.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### (CAL. GOV. CODE § 12940(m)(1))

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 66 as though fully set forth herein.

69. The FEHA states that it is unlawful for an employer to fail to make reasonable accommodation for known physical disabilities of an employee. Cal. Gov. Code § 12940(m)(1). A reasonable accommodation is a modification or adjustment to the work environment that enables the employee to perform the essential functions of the job he or she holds or desires.

70. To prevail on a failure to accommodate claim, the plaintiff must show 1) that she has a disability covered by the FEHA, 2) that she is qualified to perform the essential functions of the position, and 3) that the employer failed to reasonably accommodate the plaintiff's disability.

71. A finite leave can be reasonable accommodation under the FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties.

72. Here, Ms. Truong was disabled.

73. The Red Cross had notice of Ms. Truong's disability.

74. The Red Cross had an obligation to provide Ms. Truong disability at the time that her union leave benefits expired. The Red Cross should have determined whether it could, as a reasonable accommodation, continue Ms. Truong's leave until January 2020, which was the date that Dr. Yaghoobian determined Ms. Truong's condition could be reassessed.

75. Dr. Yaghoobian stated that he could have evaluated Ms. Truong's condition within 6 weeks of his completion of the questionnaire.

76. The Red Cross stated that it would provide Ms. Truong until December 3, 2019 to identify alternative positions or suggest alternative accommodations for her current position. However,

the Red Cross did not give Ms. Truong until December 3, 2019.  Instead, the Red Cross fired Ms. Truong on November 27, 2019.  The date of her termination coincided with the exhaustion of her union leave benefits.  This confirms that the Red Cross failed to even consider giving Ms. Truong any reasonable accommodation (including a leave of absence) after the culmination of her union leave benefits.

77.     The Red Cross would not have suffered any undue hardship if it would have accommodated Ms. Truong.

78.     Defendants' unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

79.     As a direct and proximate result of Defendants' acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

80.     The conduct of the Defendants, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendants' actions.  Defendants, and its agents and employees, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against Defendants.

## FOURTH CAUSE OF ACTION

### RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION
### (CAL. GOV. CODE § 12940(m)(2))

81.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as though fully set forth herein.

82.     Cal. Gov. Code § 12940(m)(2) provides that an employer may not retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted.

///

83.     In this case, the Red Cross failed to accommodate Ms. Truong in light of her disability. Nonetheless, the Red Cross retaliated against Ms. Truong for making this request.

84.     After making a request for reasonable accommodation, the Red Cross terminated her employment.  It did not matter that Ms. Truong's accommodation was not granted.  Ultimately, it was her request that she be given until January 2020 (the date of her surgery) to return that caused the Red Cross to terminate her employment.

85.     The Red Cross had no intent to accommodate Ms. Truong.  Indeed, the Red Cross failed to give Ms. Truong until December 3, 2020 (the date it gave to Ms. Truong) to find an alternative position or suggest alternative reasonable accommodations.  Instead, the Red Cross terminated her employment immediately after the exhaustion of her union leave benefits.

86.     Defendants' unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

87.     As a direct and proximate result of Defendants' acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, and attorneys' fees and costs in an amount to be proven at trial.

88.     The conduct of the Defendants, and its agents and employees as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendants' actions.  Defendants, and its agents and employees, authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against Defendants.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

89.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 79 as though fully set forth herein.

90.     California has enshrined its public interest in eradicating discrimination in the workplace on account of someone's disability and/or medical condition.   Under the FEHA, employers are

Exhibit A - 18

prohibited from discriminating against employees for the aforementioned categories.  The FEHA also prohibits retaliation for an employee's decision to oppose discriminatory practices.  An employer who violates the FEHA violates the public policy advanced by California law.

91.     A wrongful termination in violation of public policy claim benefits the public as a whole, as it is meant to deter employers from discriminating against—up to and including terminating—their employees due to a known disability.

92.     In this case, the Red Cross violated anti-discrimination statutes meant to protect employees from discrimination on account of their disabilities.  Specifically, the Red Cross terminated Ms. Truong because of her disability.

93.     Defendants' unlawful conduct as alleged above was a substantial factor in causing damage and/or injury to Plaintiff.

94.     As a direct and proximate result of Defendants' acts and failures to act, as alleged herein, Plaintiff has suffered and continues to suffer economic loss and damages, physical ailments, emotional distress, humiliation, embarrassment, and attorneys' fees and costs in an amount to be proven at trial.

95.     The conduct of the Defendants, and its agents and employees, as described herein, was malicious and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights, and for the deleterious consequences to Plaintiff of Defendants' actions.  Defendants and its agents and employees authorized, condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to punitive damages against Defendants.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself against Defendant, as follows:

1.     Upon the First Cause of Action, for compensatory, consequential, general and special damages according to proof, including attorney's fees and costs pursuant to Cal. Gov. Code § 12940;

2.     Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof, including attorney's fees and costs pursuant to Cal. Gov. Code § 12940;

3.      Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof, including attorney's fees and costs pursuant to Cal. Gov. Code § 12940;

4.      Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof, including attorney's fees and costs pursuant to Cal. Gov. Code § 12940;

5.      Upon the Fifth Cause of Action, for compensatory, consequential, general and special damages according to proof.

6.      On all applicable causes of action, for attorneys' fees and costs as provided by the FEHA.

7.      On all causes of action, for punitive damages against all Defendants that will be sufficient to prevent Defendants from continuing its discriminatory, abusive, and malicious pattern of practice.

8.      For such other and further relief the Court may deem just and proper.

Dated:  May 21, 2021                    **BLAIR & RAMIREZ LLP**


By: _____
Oscar Ramirez
Matthew P. Blair
Attorneys for Plaintiff Vanna Truong

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: May 21, 2021        **BLAIR & RAMIREZ LLP**


By: _____
        Oscar Ramirez
        Matthew P. Blair
        Attorneys for Plaintiff Vanna Truong

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew P. Blair, Esq. (SBN 278411)<br>Oscar Ramirez, Esq. (SBN 236768)<br>BLAIR & RAMIREZ LLP<br>515 South Flower Street, 19th Floor, Los Angeles, CA 90071 | |
| TELEPHONE NO.: 213-568-4000    FAX NO.: 213-568-4100 | |
| ATTORNEY FOR *(Name):* Plaintiff VANNA TRUONG | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
VANNA TRUONG v. AMERICAN RED CROSS, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV19330<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 21, 2021
Matthew P. Blair, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Exhibit A - 22

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet.  In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

CM-010 [Rev. July 1, 2007]                                                **Page 2 of 2**

Exhibit A - 23

| SHORT TITLE: TRUONG v. AMERICAN RED CROSS, et al. | CASE NUMBER 21STCV19330 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

Exhibit A - 24

| SHORT TITLE: TRUONG v. AMERICAN RED CROSS, et al. | CASE NUMBER | |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
Exhibit A - 25

| SHORT TITLE: TRUONG v. AMERICAN RED CROSS, et al. | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160   Abstract of Judgment | 2, 6 |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2, 3, 9 |
| | | ☐ A6123   Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190   Election Contest | 2 |
| | | ☐ A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100   Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: TRUONG v. AMERICAN RED CROSS, et al. | CASE NUMBER |
|---|---|

**Step 4:  Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

**REASON:**

☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11.

ADDRESS:
1450 S Central Avenue

| CITY: Los Angeles | STATE: CA | ZIP CODE: |
|---|---|---|

**Step 5:  Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 21, 2021

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
Exhibit A - 27

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/21/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ N. Alvarez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV19330 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Timothy Patrick Dillon | 73 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on _05/24/2021_____
      (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By N. Alvarez_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A - 28

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

<u>APPLICATION</u>
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

<u>PRIORITY OVER OTHER RULES</u>
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

<u>CHALLENGE TO ASSIGNED JUDGE</u>
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

<u>TIME STANDARDS</u>
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

<u>COMPLAINTS</u>
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

<u>CROSS-COMPLAINTS</u>
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

<u>STATUS CONFERENCE</u>
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

<u>FINAL STATUS CONFERENCE</u>
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

<u>SANCTIONS</u>
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

<u>Class Actions</u>
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

<u>*Provisionally Complex Cases</u>
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit A - 29

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Nitzalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) — MANDATORY ELECTRONIC FILING FOR CIVIL | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) "Bookmark" A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) "Efiling Portal" The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) "Electronic Envelope" A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) "Electronic Filing" Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1   e) "Electronic Filing Service Provider"   An Electronic Filing Service Provider (EFSP) is a
2       person or entity that receives an electronic filing from a party for retransmission to the Court.
3       In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an
4       agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)
5   f) "Electronic Signature"   For purposes of these local rules and in conformity with Code of
6       Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision
7       (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule
8       2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or
9       process attached to or logically associated with an electronic record and executed or adopted
10      by a person with the intent to sign the electronic record.
11  g) "Hyperlink"   An electronic link providing direct access from one distinctively marked place
12      in a hypertext or hypermedia document to another in the same or different document.
13  h) "Portable Document Format"   A digital document format that preserves all fonts,
14      formatting, colors and graphics of the original source document, regardless of the application
15      platform used.
16  2) MANDATORY ELECTRONIC FILING
17  a) Trial Court Records
18      Pursuant to Government Code section 68150, trial court records may be created, maintained,
19      and preserved in electronic format.  Any document that the Court receives electronically must
20      be clerically processed and must satisfy all legal filing requirements in order to be filed as an
21      official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).
22  b) Represented Litigants
23      Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to
24      electronically file documents with the Court through an approved EFSP.
25  c) Public Notice
26      The Court has issued a Public Notice with effective dates the Court required parties to
27      electronically file documents through one or more approved EFSPs.  Public Notices containing
28      effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a)  Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b)  The table of contents for any filing must be bookmarked.

   c)  Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4).  Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d)  Attachments to primary documents must be bookmarked.  Examples include, but are not limited to, the following:

       i)    Depositions;

       ii)   Declarations;

       iii)  Exhibits (including exhibits to declarations);

       iv)   Transcripts (including excerpts within transcripts);

       v)    Points and Authorities;

       vi)   Citations; and

       vii)  Supporting Briefs.

   e)  Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f)  Accompanying Documents

       Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

   g)  Multiple Documents

       Multiple documents relating to one case can be uploaded in one envelope transaction.

4

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

   a) **Filed Date**

   i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

   ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

   a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exhibit A - 34

2019-GEN-014-00

1    b)  Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2         day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte

3         application must be provided to the court the day of the ex parte hearing.

4  9)  **PRINTED COURTESY COPIES**

5    a)  For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6        be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If

7        the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8        by 10:00 a.m. the next business day.

9    b)  Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10       electronic submission) is required for the following documents:

11       i)   Any printed document required pursuant to a Standing or General Order;

12       ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26

13          pages or more;

14       iii)  Pleadings and motions that include points and authorities;

15       iv)  Demurrers;

16       v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17       vi)  Motions for Summary Judgment/Adjudication; and

18       vii)  Motions to Compel Further Discovery.

19    c)  Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20       additional documents.  Courtroom specific courtesy copy guidelines can be found at

21       www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10)  **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

23    a)  Fees and costs associated with electronic filing must be waived for any litigant who has

24        received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25        1010.6(d)(2).)

26    b)  Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27        section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be

28        electronically filed in any authorized action or proceeding.

6

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1   11)  SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED: May 3, 2019                                    

11                                                         KEVIN C. BRAZILE
                                                           Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A - 36

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**

**Southern California Defense Counsel**

**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

PLAINTIFF:

DEFENDANT:

**STIPULATION – DISCOVERY RESOLUTION**

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3



    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding (or demanding or requesting) party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR _____)

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR _____)

Date: _____
(TYPE OR PRINT NAME)
➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

Exhibit A - 40

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER:

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

Exhibit A - 41

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lacourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____          ► _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)                **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

PLAINTIFF:

DEFENDANT:

### STIPULATION AND ORDER – MOTIONS IN LIMINE

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

### STIPULATION AND ORDER – MOTIONS IN LIMINE

Page 1 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

> **Mediation may be appropriate when the parties**
> - want to work out a solution but need help from a neutral person.
> - have communication problems or strong emotions that interfere with resolution.
>
> **Mediation may not be appropriate when the parties**
> - want a public trial and want a judge or jury to decide the outcome.
> - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO:  278411 | FOR COURT USE ONLY |
|---|---|
| NAME: Matthew P. Blair<br>FIRM NAME: Blair & Ramirez LLP<br>STREET ADDRESS: 515 S. Flower Street, 19th Floor<br>CITY: Los Angeles   STATE: CA   ZIP CODE: 90071<br>TELEPHONE NO.: 213 568 4000   FAX NO.: 213 568 4100<br>E-MAIL ADDRESS: matthew@blairramirez.com<br>ATTORNEY FOR (Name): Vanna Truong | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:  111 North Hill Street
CITY AND ZIP CODE:    Los Angeles 90012
BRANCH NAME:  Stanley Mosk Courthouse

Plaintiff/Petitioner:  Vanna Truong
Defendant/Respondent:  American Red Cross; American Red Cross of California

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>21STCV19330 |
|---|---|

TO (insert name of party being served):  American Red Cross of California

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:  May 28, 2021

_____
Matthew P. Blair, Esq.
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of **(to be completed by sender before mailing):**

1. ☐  A copy of the summons and of the complaint.
2. ☒  Other (specify):

A copy of the summons; the complaint; the civil case cover sheet; the civil case cover sheet addendum; notice of case assignment; standing order and ADR packet.

**(To be completed by recipient):**

Date this form is signed:    June 16, 2021

Cheryl Johnson-Hartwell, Attorney for Defendant

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit A - 48

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**05/24/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ E. Villanueva _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Vanna Truong

DEFENDANT:
American Red Cross, a Washington D.C. Corporation et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV19330

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|---|---|---|
| 09/17/2021 | 8:30 AM | 73 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

*Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.*

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __05/24/2021__

_____ Timothy Patrick Dillon / Judge _____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Matthew P Blair
515 South Flower Street
19th Floor
Los Angeles, CA 90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __05/24/2021__

By __E. Villanueva__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

Exhibit A - 49

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is, 515 South Flower Street, 19th Floor, Los Angeles, California 90071.

On **June 1, 2021,** I served true copies of the foregoing document(s) described as **NOTICE OF CASE MANAGEMENT CONFERENCE** on the interested parties in this action as follows:

> Attorney for Defendants:
>
> **AMERICAN RED CROSS OF CALIFORNIA**
>
> BURKE, WILLIAMS & SORENSON
> Cheryl Lynn Johnson-Hartwell
> 444 S. Flower Street Ste 2400
> Los Angeles, CA 90071
> Tel: (213) 236-2811
> Fax: (213) 236-2700
> Email: cjohnson-hartwell@bwslaw.com
> bashworth@bwslaw.com

☒ **BY ELECTRONIC SERVICE [E-MAIL]** I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **June 1, 2021**, at Los Angeles, California.

*Donna Salao*

_____
Donna Salao

EXHIBIT "B"

Electronically FILED by Superior Court of California, County of Los Angeles on 07/15/2021 12:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1   Cheryl Johnson-Hartwell (SBN 221063)
    E-mail:  cjohnson-hartwell@bwslaw.com
2   BURKE, WILLIAMS & SORENSEN, LLP
    444 South Flower Street, Suite 2400
3   Los Angeles, CA  90071-2953
    Tel: 213.236.0600   Fax: 213.236.2700
4
    Attorneys for AMERICAN NATIONAL RED
5   CROSS

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                           COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  VANNA TRUONG, an individual, | Case No.  21STCV19330 |
| 12             Plaintiff, | **DEFENDANT AMERICAN RED CROSS'**<br>**ANSWER TO COMPLAINT** |
| 13       v. | |
| 14  AMERICAN RED CROSS, a Washington<br>D.C. Corporation; AMERICAN RED | JFAP:      Hon. Timothy Patrick Dillon<br>             Dept.  73 |
| 15  CROSS OF CALIFORNIA, a California<br>Corporation, and DOES 1 through 20, | Action Filed:  May 21, 2021 |
| 16  inclusive. | Trial Date:    None |
| 17             Defendants. | |

18

19          Defendant The American National Red Cross (hereafter "RED CROSS"), hereby answers

20   the unverified Complaint ("Complaint") filed by Plaintiff Vanna Truong ("PLAINTIFF") as

21   follows:

22                                **GENERAL DENIAL**

23          1.      Pursuant to the provisions of Code of Civil Procedure Section 431.30(d), RED

24   CROSS denies, both generally and specifically, each and every allegation, matter or fact

25   contained in said Complaint and the whole thereof, and further specifically denies that

26   PLAINTIFF has been injured or damaged in any sum whatsoever or is entitled to any relief in any

27   form, whether legal or equitable, from RED CROSS.

28          RED CROSS also pleads the following separate and additional defenses to the Complaint:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Sufficient Facts and Uncertainty)**

2.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, RED CROSS asserts that the Complaint, and each alleged cause of action therein, fails to state facts sufficient to constitute a cause of action against RED CROSS and is uncertain.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, RED CROSS asserts that the PLAINTIFF's causes of action are barred because PLAINTIFF failed to exhaust her administrative remedies by not permitting the applicable administrative agencies to investigate and/or attempt to resolve this matter.

**THIRD AFFIRMATIVE DEFENSE**

**(Barred by Statute of Limitations)**

4.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, RED CROSS asserts that PLAINTIFF's claims are barred in whole or in part by any and all applicable statutes of limitations, including, but not limited to, Government Code sections 12960 and 12965 and Code of Civil Procedure sections 335.1, 338, and 339.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, RED CROSS asserts that if PLAINTIFF sustained any damages as a result of the allegations set forth in the Complaint, such damages are the result of PLAINTIFF's failure to take reasonable efforts to mitigate the damages already suffered.

**FIFTH AFFIRMATIVE DEFENSE**

**(Independent Cause)**

6.      As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, RED CROSS asserts that any damages allegedly suffered by

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ANSWER TO COMPLAINT

Exhibit B - 52

1  PLAINTIFF were caused or contributed to by persons and causes other than RED CROSS,

2  including PLAINTIFF, thereby eliminating or reducing any alleged liability of RED CROSS.

3  <b><u>SIXTH AFFIRMATIVE DEFENSE</u></b>

4  <b>(The Red Cross Fully Performed All Duties and Obligations Owed to Plaintiff)</b>

5         7.      As a separate and affirmative defense to the Complaint, and to each alleged cause

6  of action contained therein, RED CROSS asserts that any duty or obligation, contractual,

7  statutory or otherwise, which PLAINTIFF claims was owed to her by RED CROSS has been

8  fully and faithfully performed, satisfied and/or discharged.

9  <b><u>SEVENTH AFFIRMATIVE DEFENSE</u></b>

10  <b>(Red Cross' Actions were Conducted in Good Faith)</b>

11         8.      As a separate and affirmative defense to the Complaint, and to each alleged cause

12  of action contained therein, RED CROSS asserts, without admitting that RED CROSS engaged in

13  any of the acts or conduct attributed to RED CROSS in the Complaint, that any and all actions of

14  RED CROSS with regard to PLAINTIFF were conducted in good faith and without fraud,

15  oppression or malice against PLAINTIFF or her rights, thereby precluding any and all claims for

16  punitive or exemplary damages.

17  <b><u>EIGHTH AFFIRMATIVE DEFENSE</u></b>

18  <b>(Legitimate, Business-Related Actions by RED CROSS Based on Good Faith)</b>

19         9.      As a separate and affirmative defense to the Complaint, and to each alleged cause

20  of action contained therein, RED CROSS assert that the Complaint, and each purported cause of

21  action contained therein, fails to state facts sufficient to constitute a cause of action because any

22  decisions with respect to PLAINTIFF were made by RED CROSS primarily or solely for

23  legitimate, business-related reasons and were reasonably based on the facts as RED CROSS

24  understood them.

25  ///

26  ///

27  ///

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -
ANSWER TO COMPLAINT

Exhibit B - 53

1     **NINTH AFFIRMATIVE DEFENSE**

2     **(Unclean Hands)**

3          10.     As a separate and affirmative defense to the Complaint, and to each alleged cause

4     of action contained therein, RED CROSS asserts that PLAINTIFF's claims are barred by the

5     doctrine of unclean hands.

6     **TENTH AFFIRMATIVE DEFENSE**

7     **(Privilege)**

8          11.     As a separate and affirmative defense to the Complaint, and to each alleged cause

9     of action contained therein, RED CROSS asserts that any and all acts alleged to have been

10    committed by RED CROSS or RED CROSS' agents were absolutely or qualifiedly privileged.

11    **ELEVENTH AFFIRMATIVE DEFENSE**

12    **(Consent)**

13         12.     As a separate and affirmative defense to the Complaint, and to each alleged cause

14    of action contained therein, RED CROSS asserts, without admitting that RED CROSS engaged in

15    any of the acts or conduct attributed to RED CROSS in the Complaint, that any and all actions of

16    RED CROSS with regard to PLAINTIFF were consented to by PLAINTIFF.

17    **TWELFTH AFFIRMATIVE DEFENSE**

18    **(After-Acquired Evidence)**

19         13.     As a separate and affirmative defense to the Complaint, and to each alleged cause

20    of action contained therein, RED CROSS asserts, without admitting that RED CROSS engaged in

21    any of the acts or conduct attributed to RED CROSS in the Complaint, that any actions taken by

22    RED CROSS regarding PLAINTIFF, if any, were justified by the doctrine of after-acquired

23    evidence.

24    **THIRTEENTH AFFIRMATIVE DEFENSE**

25    **(Failure to Use Internal Complaint Procedures)**

26         14.     As a separate and affirmative defense to the Complaint, and to each alleged cause

27    of action contained therein, RED CROSS asserts, without admitting that RED CROSS engaged in

28    any of the acts or conduct attributed to RED CROSS in the Complaint, that PLAINTIFF's claims

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

ANSWER TO COMPLAINT

Exhibit B - 54

1   are barred in whole or in part by PLAINTIFF's failure to notify RED CROSS of the alleged

2   unlawful conduct and/or to allow RED CROSS to investigate or remedy the alleged unlawful

3   conduct.

4                      **FOURTEENTH AFFIRMATIVE DEFENSE**

5                              **(Failure to Perform)**

6           15.     As a separate and affirmative defense to the Complaint, and to each alleged cause

7   of action contained therein, RED CROSS asserts that PLAINTIFF's claims are barred in that she

8   failed to perform her job responsibilities and/or obligations existing under statute.

9                       **FIFTEENTH AFFIRMATIVE DEFENSE**

10   **(No Violation of Any Constitutional Provision, State Statute or Regulation)**

11          16.     As a separate and affirmative defense to the Complaint, and to each alleged cause

12  of action contained therein, RED CROSS asserts that PLAINTIFF's causes of action are barred

13  because RED CROSS did not violate any constitutional provision, state statute, regulation, or

14  other substantial public policy of the State of California as alleged in the Complaint.

15                      **SIXTEENTH AFFIRMATIVE DEFENSE**

16                          **(Managerial Immunity)**

17          17.     As a separate and affirmative defense to the Complaint, and to each alleged cause

18  of action contained therein, RED CROSS asserts, without admitting that RED CROSS engaged in

19  any of the acts or conduct attributed to RED CROSS in the Complaint, that PLAINTIFF's claims

20  against RED CROSS are barred by the doctrine of managerial immunity.

21                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

22                   **(RED CROSS Exercised Reasonable Care)**

23          18.     As a separate and affirmative defense to the Complaint, and to each alleged cause

24  of action contained therein, RED CROSS asserts, without admitting that RED CROSS engaged in

25  any of the acts or conduct attributed to RED CROSS in the Complaint, that RED CROSS

26  exercised reasonable care, and properly took all steps necessary to prevent and correct any

27  violations of any constitutional provision, state statute, regulation, or other substantial public

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

ANSWER TO COMPLAINT

Exhibit B - 55

1   policy of the State of California, and PLAINTIFF unreasonably failed to take advantage of any

2   preventative or corrective opportunities or to otherwise avoid harm.

3                       **EIGHTEENTH AFFIRMATIVE DEFENSE**

4                       **(Plaintiff's Employment Was At-Will)**

5          19.    As a separate and affirmative defense to the Complaint, and to each alleged cause

6   of action contained therein, RED CROSS asserts that PLAINTIFF's employment with RED

7   CROSS was at-will pursuant to California Labor Code Section 2922.

8                       **NINETEENTH AFFIRMATIVE DEFENSE**

9                                **(Good Cause)**

10         20.    As a separate and affirmative defense to the Complaint, and to each alleged cause

11  of action contained therein, RED CROSS asserts that any actions taken by RED CROSS

12  regarding PLAINTIFF, if any, were taken for good cause.

13                      **TWENTIETH AFFIRMATIVE DEFENSE**

14           **(Failure to Take Reasonable Steps to Avoid Harm or Consequences)**

15         21.    As a separate and affirmative defense to the Complaint, and to each and every

16  alleged cause of action contained therein, RED CROSS asserts, without admitting that RED

17  CROSS engaged in any of the acts or conduct attributed to RED CROSS in the Complaint, that

18  PLAINTIFF's claims and damages are barred in whole or in part by PLAINTIFF's failure to take

19  reasonable and necessary steps to avoid the harm and/or consequences she allegedly suffered.

20                   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

21  **(Same Decision – Legitimate Reason, *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203)**

22         22.    As a separate and affirmative defense to the Complaint, and to each alleged cause

23  of action contained therein, RED CROSS asserts, without admitting that it engaged in the conduct

24  alleged in PLAINTIFF's Complaint, that it had legitimate, non-discriminatory reasons for the

25  actions undertaken in connection with PLAINTIFF's employment.  If it is found that the actions

26  were motivated by both discriminatory and nondiscriminatory reasons, the nondiscriminatory

27  reasons, alone, would have induced RED CROSS to make the same decisions at the same time.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO COMPLAINT

1      **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2      **(Failure to State a Cause of Action for Attorneys' Fees)**

3      23.     As a separate and affirmative defense to the Complaint, and to each alleged cause

4 of action contained therein, RED CROSS asserts that PLAINTIFF fails to state a cause of action

5 for attorneys' fees.

6      **TWENTY-THIRD AFFIRMATIVE DEFENSE**

7      **(RED CROSS is Entitled to Attorneys' Fees)**

8      24.     As a separate and affirmative defense to the Complaint, and to each alleged cause

9 of action contained therein, RED CROSS asserts that the Complaint lacks foundation and is

10 unreasonable, thus RED CROSS is entitled to recover attorneys' fees and costs expended in

11 defending this action pursuant to Government Code Section 12965(b) and Code of Civil

12 Procedure Section 128.7.

13      **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

14      **(Failure to Set Forth Facts for Punitive Damages)**

15      25.     As a separate and affirmative defense to the Complaint, and to each alleged cause

16 of action contained therein, RED CROSS asserts that the Complaint fails to set forth facts

17 sufficient to constitute a claim for punitive or exemplary damages because neither RED CROSS

18 nor any of their officers, directors, or managing agents committed any alleged oppressive,

19 fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the

20 unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or

21 employed any such employee or employees with a conscious disregard of the rights or safety of

22 others, as required by California Civil Code section 3294(b).

23      **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

24      **(Judicial Estoppel)**

25      26.     As a separate and affirmative defense to the Complaint, and to each alleged cause

26 of action contained therein, RED CROSS asserts that PLAINTIFF is barred from recovery in this

27 action by the equitable doctrine of judicial estoppel.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

ANSWER TO COMPLAINT

Exhibit B - 57

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

27. Any unlawful or wrongful acts, to the extent they exist, taken by RED CROSS' agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by RED CROSS nor did RED CROSS know nor should have known of such acts.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Allegations Outside the Scope of the DFEH Complaint)**

28. As a separate and affirmative defense to the Complaint, and to each alleged cause of action contained therein, RED CROSS asserts that PLAINTIFF's causes of action are barred to the extent they were not made the subject of a timely charge filed with the Department of Fair Employment and Housing.

**TWENTY-EIGTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

30. RED CROSS reserves the right to assert additional defenses as they become known through discovery in this matter.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Jury Trial)**

31. Plaintiff's jury trial demand is unenforceable because, among other things, Defendant is a federal instrumentality.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

32. RED CROSS is immune to any claim for punitive damages because, among other things, Defendant is a federal instrumentality.

WHEREFORE, RED CROSS prays for entry of judgment as follows:

1. That PLAINTIFF takes nothing by her Complaint;

2. That judgment be entered in favor of RED CROSS;

3. That RED CROSS be awarded costs of suit including attorneys' fees; and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

1        4.      For such other relief as the court may deem just and proper.

2

3   Dated:  July 15, 2021               BURKE, WILLIAMS & SORENSEN, LLP

4

5                              By:  _____

6                                  Cheryl Johnson-Hartwell
                                    Attorneys for AMERICAN NATIONAL

7                                    RED CROSS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

- 9 -

ANSWER TO COMPLAINT

Exhibit B - 59

## **PROOF OF SERVICE**

I, Barbara Ashworth, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953.  On July 15, 2021, I served a copy of the within document(s):

**DEFENDANT AMERICAN RED CROSS' ANSWER TO COMPLAINT**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒     by transmitting via my electronic service address (bashworth@bwslaw.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Oscar Ramirez<br>Matthew P. Blair<br>Blair & Ramirez, LLP<br>515 S. Flower St., 19th Floor<br>Los Angeles, CA  90071<br>Tel: (213) 568-4000;  Fax: (213) 568-4100 | Attorneys for Plaintiff<br>VANNA TRUONG<br><br>Email: oscar@blairramirez.com<br>Email: matthew@blairramirez.com |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 15, 2021, at Los Angeles, California.

_____
Barbara Ashworth

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES